## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON BROWN,
    Plaintiff,

**FILED**

JUL 30 2018

v.

KATE BARKMAN, Clerk
By_____Dep. Clerk

CIVIL ACTION NO. 18-CV-3043

COURT OF COMMON PLEAS
FOR DELAWARE COUNTY,
    Defendant.

               :
               :
               :
               :

## MEMORANDUM

TUCKER, J.                                                            JULY 24, 2018

Plaintiff Jason Brown, a frequent litigant in this Court, filed this *pro se* civil action

pursuant to 42 U.S.C. § 1983 against the Court of Common Pleas for Delaware County, raising

claims regarding his state criminal case. Brown has also filed a Motion for Leave to Proceed *In*

*Forma Pauperis*. (ECF No. 1.) For the reasons set forth below, the Court will grant Brown

leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTS AND PROCEDURAL HISTORY

Public dockets reflect that on December 3, 2002, Brown was charged with criminal

attempt, possession of a weapon, simple assault, aggravated assault, reckless endangerment of

another person, harassment, criminal mischief, robbery, and carrying firearms without a license.

*Commonwealth v. Brown*, Docket No. CP-23-CR-0000151-2003 (Delaware Cty. Common

Pleas). On December 1, 2003, Brown pled guilty to robbery and was sentenced to two (2) to five

(5) years of incarceration. *Id.*

In March and April of 2017, Brown filed several motions, including a motion to dismiss

his fines and costs, a motion to withdraw his plea of guilty, and a motion to compel discovery.

*Id.* After holding a hearing on those motions, Judge Cappelli denied them by orders entered on

May 26, 2017. *Id.* On June 6, 2017, Brown filed a petition for post-conviction relief. *Id.* Judge Cappelli appointed counsel on June 12, 2017 and granted a motion for an extension of time on August 25, 2017. *Id.* On December 22, 2017, Brown filed a *pro se* motion to dismiss his post-conviction petition. *Id.* On June 1, 2018, Judge Cappelli entered an order of intent to dismiss the post-conviction petition. *Id.* Three days later, Brown filed a petition for expungement. *Id.* The last docket entry indicates that a hearing on that petition was scheduled for July 16, 2018. *Id.*

In January of 2018, Brown filed a complaint against the Court of Common Pleas for Delaware County, Judge Cappelli, and President Judge Kevin Kelly, asserting that they had violated his rights under the First, Fifth, and Eighth Amendments in connection with his criminal case. *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410 (E.D. Pa.). In that complaint, Brown alleged that he had suffered "intentional emotional distress due to [his] constitutional rights being intentionally denied." Compl. at 4, *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410 (E.D. Pa.). He sought injunctive relief against President Judge Kelly "for the behavior of the Court and Judge Richard Cappelli." *Id.* He also requested damages "for loss of support and loss of property to the extent the Court of Common Pleas for Delaware County and Judge Richard Cappelli violated [his] constitutional right in the discussed amendments." *Id.*

By Memorandum and Order entered on February 9, 2018, the Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint without leave to amend. *Brown v. Ct. of Common Pleas for Delaware Cty.*, No. 18-410, 2018 WL 837592, at \*3 (E.D. Pa. Feb. 9, 2018). Specifically, the Court noted that Brown's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and that any claims challenging his 2003 robbery conviction were not cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at \*2. The Court

also concluded that (1) the Court of Common Pleas for Delaware County was not a "person" subject to liability under § 1983 and was also entitled to Eleventh Amendment immunity, (2) Brown's claims against Judge Cappelli were barred by judicial immunity, and (3) Brown had failed to describe how President Judge Kelly was responsible for violating his rights.[1] *Id.* at *3.

In the Complaint filed in this matter, Brown now contends that the Court of Common Pleas for Delaware County has violated his rights under the Fifth Amendment to the United States Constitution, as well as Article 3, Section 2, Clause 3, Article 1, Section 10, and Article 7, as well as 42 U.S.C. § 1985. (Compl. at 4.)[2] He contends that the "district attorneys have conspired to interfere with [his] rights to dismiss a criminal matter [he is] a defendant of." (*Id.* at 5.) According to Brown, "district attorneys Brian Doherty and Andrew Kovach have compr[o]mised the dismissal of [his] criminal history with the Defendant." (*Id.*) Brown states that because of this, he has suffered "mental anguish, emotional distress, reputation of being deprived." (*Id.* at 6.) As relief, he seeks $250,000.00 in damages and an Order from the Court directing the Defendant "to dismiss criminal record history being listed as (CP-23-CR-0000151-2003)." (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C.

---

[1] Subsequently, Brown filed an amended complaint, a "Motion for Special Appointment to Serve Amended Complaint," and a motion for summary judgment. By Order entered on February 15, 2018, the Court construed the motion for summary judgment as a motion for reconsideration and denied it. Order, *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410 (E.D. Pa.) (ECF No. 6). By Order entered on February 21, 2018, the Court directed the Clerk of Court to strike the amended complaint from the docket because Brown had not received leave of court to file it and denied the "Motion for Special Appointment to Serve Amended Complaint." Order, *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410 (E.D. Pa.) (ECF No. 9).

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

§ 1915(e)(2)(B)(ii) applies to Brown's Complaint. That statute requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A.   Claims Pursuant to 42 U.S.C. § 1985

Brown vaguely asserts that the Defendant has violated his rights under 42 U.S.C. § 1985. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence

4

independent of the fact that its members are victims of the defendants' tortious conduct").[3]

While Brown seems to suggest that the Defendant conspired against him, he fails to mention the

type of race-or class-based discrimination that is required to state a claim under § 1985(3).

Therefore, this claim will be dismissed.

### B. Claims Pursuant to 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Brown's claims fail for the following reasons.

#### 1. Claims Against Court of Common Pleas for Delaware County

Once again, Brown seeks to proceed against the Court of Common Pleas for Delaware

County. As the Court previously explained to Brown, however, the Court of Common Pleas is

not a "person" subject to liability under § 1983 and, in any event, is entitled to Eleventh

Amendment immunity from Brown's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S.

58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).

Accordingly, Brown's claims against the Court of Common Pleas for Delaware County are

subject to dismissal with prejudice.

#### 2. Claims Regarding Conviction and Criminal History

As noted above, Brown asks that this Court order the Defendant to dismiss his "criminal

record history being listed as (CP-23-CR-0000151-2003)." (Compl. at 6.) The Court, however,

cannot provide the relief Brown seeks, as this Court may not interfere in his state criminal

---

[3] Section 1985(1) and 1985(2) have no applicability here, as nothing in the Complaint suggests that Brown was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x

756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin

his criminal prosecution presents the classic case for *Younger* abstention, the District Court's

dismissal of Duran's complaint on that basis was clearly appropriate."); *Peay v. Massiah-

Jackson*, 133 F. App'x 31, 32-33 (noting that *Younger* applies to post-conviction proceedings);

*Bankes v. Felice*, No. 05-0356 (JBS), 2005 WL 1073319, at *4 (D.N.J. May 2, 2005)

(concluding that *Younger* abstention was warranted for plaintiff's request for federal court to

expunge a state court conviction).

To the extent that Brown is challenging proceedings leading up to his 2003 robbery

conviction, or the fact or duration of his imprisonment for that conviction, his claims are still not

cognizable. As the Court previously informed Brown, "to recover damages [or other relief] for

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S.

477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter

the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

conduct leading to conviction or internal prison proceedings)— if success in that action would

necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Therefore, to the extent Brown seeks to challenge his conviction, he may not do in this

§ 1983 action because that conviction has not been invalidated.

### 3.     Claims Against the District Attorneys

While Brown has not named District Attorneys Brian Doherty and Andrew Kovach as Defendants, he asserts that they have "compr[o]mised the dismissal of [his] criminal history with the defendant." (Compl. at 5.) To the extent he seeks to proceed against them, however, his claims fail. Doherty and Kovach would be entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case," *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), as well as for claims based on their role in pursuing the prosecution on behalf of the Commonwealth, *see Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Brown's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Brown raises claims challenging his robbery conviction, those claims will be dismissed without prejudice to Brown's right to reassert those claims in a new lawsuit in the event that his conviction and sentence are invalidated in the future. Brown will not be provided leave to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows.[4]

> **BY THE COURT:**
>
> *Petrese B. Tucker*
> **PETRESE B. TUCKER, J.**

---

[4] Brown is reminded of Judge Diamond's warning, dated April 19, 2018, that "another frivolous filing may result in restriction of his filing privileges." Order at 8, *Brown v. United States District Ct. for the Eastern District of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (ECF No. 5).